UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEAN B. LEGA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1694 |
| | § | |
| PENNYMAC LOAN TRUST 2011-NPL1, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

This declaratory judgment action is another in the wave of home foreclosure lawsuits that is the continuing legacy of recent financial crisis. Here, Plaintiff is a homeowner challenging Defendant's effort to foreclose on a home equity loan. Pending before the Court today is Plaintiff's Motion for Summary Judgment. (Doc. No. 21.) Having considered the parties' submissions and all applicable law, the Court hereby **DENIES** Plaintiff's motion.

I.  BACKGROUND

The parties are in agreement on the key facts of the case. Plaintiff Jean Lega owns a home at 3417 Glenmeadow Drive, Rosenberg, Fort Bend County, Texas 77471. On May 28, 2004, Plaintiff executed a Texas Home Equity Note ("the Note") in the amount of $92,000 to Ameriquest Mortgage Company. Def.'s Ex. B. At the same time, Plaintiff also executed a Texas Home Equity Security Instrument (the "Deed of Trust"). Def.'s Ex. C. The Note and Deed of Trust provide that, if Plaintiff defaults on the payment of any installment of the loan and does not cure the default, the holder may elect to accelerate the note, at which time the remaining unpaid balance would become immediately due and payable. Def.'s Ex. B at 2; Def.'s Ex. C. at 14.

In a letter dated August 24, 2009, CitiMortgage, Inc. — then the servicer of the loan — notified Plaintiff that he was in default and that the loan was being accelerated pursuant to the

Note. *See* Def.'s Ex. D. At the time of the acceleration, the amount due on the Note was $102,291.39. *Id.* After the notice of acceleration, no actions were apparently taken to foreclose on the property. Less than one month after CitiMortgage notified Plaintiff that the loan was being accelerated, the deed of trust was assigned to PNMac Mortgage Co., LLC. Def.'s Ex. E-1. The Note was assigned to the Defendant, PennyMac Loan Trust 2011-NPL1, on June 1, 2012. Def.'s Ex. E-2.

PennyMac Loan Services replaced CitiMortgage as the servicer of the loan sometime before December 15, 2010. *See* Def.'s Ex. F at 5. When it took over as servicer, PennyMac Loan Services began to send Plaintiff mortgage statements reflecting an unpaid balance on the Note as if the loan had never been accelerated. *See* Def.'s Ex. F (mortgage statements dated 2010 to 2014 showing amount due less than balance of principal). On February 12, 2014, PennyMac Loan Trust 2011-NPL1 filed an application for foreclosure pursuant to Rule 736 of the Texas Rules of Civil Procedure, seeking to foreclose on Ms. Lega's property at 3417 Glenmeadow Drive. *See* Pl.'s Ex. 5.

Plaintiff filed this lawsuit in Texas state court in Fort Bend County on May 29, 2014. Citing diversity jurisdiction, Defendant Pennymac removed the suit to this court the following month. (Doc. No. 1.) Plaintiff seeks a declaratory judgment that the statute of limitations bars Pennymac from future attempts to foreclose on Mr. Lega's property. (Doc. No. 14.) Alternatively, Plaintiff seeks to quiet his title in the property. *Id.* Defendant brings counterclaims for declaratory judgment, judicial foreclosure and writ of possession, subrogation, and tolling of limitations. (Doc. No. 16.)

Plaintiff has now moved for summary judgment on his claims for declaratory judgment and quiet title. (Doc. No. 21.)

## II. LEGAL STANDARD

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(a). "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 210 (5th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation marks and citation omitted). "Facts and inferences reasonably drawn from those facts should be taken in the light most favorable to the non-moving party." *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 188 (5th Cir. 2007); *see also Tolan v. Cotton*, — U.S. —, 134 S. Ct. 1861, 1868 (2014).

## III. ANALYSIS

Plaintiff seeks a declaratory judgment that Defendant is time-barred from foreclosing on his home. Under Texas law, "a sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b). Typically, if a note payable in installments is secured by a lien on real property, the cause of action does not accrue until the maturity date of the last note, obligation or installment of the loan. Tex. Civ. Prac. & Rem. Code 16.035(e). But if the note or deed of trust contains an optional acceleration clause, the action accrues when the holder actually exercises its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

Here, the parties agree that the note and deed of trust contains an optional acceleration clause. *See* Def.'s Ex. B at 2; Def.'s Ex. C. at 14. Plaintiff contends that CitiMortgage, as servicer of the loan in 2009, exercised its rights under the optional acceleration clause by sending Plaintiff a notice of acceleration in August 2009. *See* Pl.'s Ex. 4. If Plaintiff is correct that the right to foreclose accrued on August 24, 2009, then the four-year statute of limitations on foreclosure expired in August 2013. Defendant's attempt to foreclose on the property in February 2014 would thus be time-barred. Defendant contends that, when PennyMac Loan Services took over as loan servicer in late 2009 or 2010, it abandoned the prior acceleration by sending Plaintiff mortgage statements showing a "total amount due" of less than the accelerated balance.

Without reaching Defendant's arguments that the prior acceleration was abandoned, the Court is unable to grant summary judgment to Plaintiff. The only evidence of acceleration that Plaintiff has put into the summary judgment record is the August 24, 2009 notice of acceleration. *See* Pl.'s Ex. 4. In Texas, effective acceleration requires both a notice of intent to accelerate <u>and</u> a notice of acceleration. *See Holy Cross Church of God in Christ*, 44 S.W.3d at 566; *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991). Because the summary judgment records contains no evidence that CitiMortgage properly accelerated the loan by sending both of the required notices, Plaintiff has failed to meet his summary judgment burden. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 20th day of November, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE